## HIGHWAYS.

### *No. 1.*

**DANIEL BAILEY** *against* **TOWN OF FAIRFIED.** *Franklin,* 1819.

WHERE a minor is injured by the want of repairs in a road, so that the father sustains a loss of service, and is put to expense in curing the minor, the town is liable to the father on the Statute.

THIS was an action on the case—For that, whereas, by a certain Statute law of this State, entitled "An Act reducing into one the several Acts for laying out, making, repairing, and clearing highways," among other things it stands enacted :

"That if any special damage shall happen to any person or persons, or to his, her, or their teams or carriages, by means of any insufficiency, or want of repairs of any highway, or public bridge, in any town, within this State, the party sustaining such damages shall have a right to recover the same, in an action on the case, against such town, to be prosecuted before any Court, proper to try the same, together with costs."

And whereas, Polly Bailey, of Fletcher, in the County of Franklin, a minor daughter and servant of the said plaintiff, on the 23d day of October, A. D. 1813, in attempting to pass a highway, through a part of said Fairfield, leading from the dwelling-house of Burr Fanton, in said Fairfield, to the dwelling-house of Andrew Bradley, in said Fairfield, on horse-back, by means of the insufficiency and want of repairs of a public bridge, in said highway, in the town of Fairfield, the said Polly was thrown from said horse, and was thereby greatly injured and wounded, and had one of her legs broken ; so that the said plaintiff, by means of the insufficiency and want of repairs of said bridge, lost the service of the said Polly for the space of nine months, and was put to great expence in providing for the maintenance and cure of the said Polly, to wit, the sum of two hundred dollars, to his damage, &c.

This action was tried at June term, 1819, and a verdict found for the plaintiff. A motion in arrest was then filed for the insufficiency of the declaration.

In support of the motion, it was contended :

1. That the Statute is a penal one and must be construed strictly.

2. That the meaning of the Statute is so clearly expressed as not to admit of a construction that will include this case.

Polly Bailey may have an action, and it is a loose construction to admit of several actions for the same injury.

If the Court go beyond direct and immediate injuries there is no stopping-place within the circuit of possible loss or injury.

There is no case of sueing for loss of service, except in case of assault and battery, or seduction, and there is no analogy between those cases and the present.

*Contra.* 1. The Statute is remedial, and must be construed so as to carry into effect the intention of the Legislature.

2. The injury complained of, in the declaration, is within the letter and spirit of the Statute ; the words, "special damage," intend something more than direct injuries. When the Statute makes it the duty of a town to repair public bridges, this action may be maintained at common law, if the Statute be defective, and our case is within the common law, plaintiff may recover in this action brought on the Statute. Sal. 212. 1 Bla. Com. 89, 90.

Opinion of the Court :

1. The Statute, upon which this action is brought, is not a penal Statute, it only gives compensation for an injury, commensurate with the damage sustained.

2. The 13th section, taken together, evidently intends to embrace other damages than those sustained directly ; the words, "special damage," to make sense, must mean other than direct bodily injuries ; a strict construction of the words, "teams and carriages," would exclude the loss of a horseman by an injury to his horse ; to make sense of the section taken together, and to carry into effect the obvious design of the law, every special damage must be included, which is known to the law, as

an *actionable* injury. The injury complained of, by the plain-tiff, is a special damage, for which he has a right of action, and it must be considered special damage, in this case.

Motion dismissed.